UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK            11-CV-03107
------------------------------------------------------X
OLGA MATOS,

                Plaintiff,                              **AMENDED**
                                                                       **COMPLAINT &**
       v.                                                            **JURY DEMAND**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT
PROPERTY CLERK,
NEW YORK CITY POLICE OFFICER
DUSTIN GENCO, Narcotics Division,

                Defendant(s).
------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which the Plaintiff, OLGA MATOS., seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth and Fifth Amendment, and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

–1–

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, OLGA MATOS is a United States Citizens and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO, upon information and belief of the Narcotics Division of the New York City Police Department, is and at all times relevant, an officer and employee/agent of The NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER GENCO is sued individually and in his official capacity. At all times relevant Defendant OFFICER GENCO was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant OFFICER GENCO was acting for and on behalf of Defendant CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT and

Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as a police officer, agent and employee of Defendant CITY OF NEW YORK and The NEW YORK CITY POLICE DEPARTMENT and Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT, and incidental to the lawful pursuit of his duties as officer, employee and agent of Defendant CITY OF NEW YORK, and The NEW YORK CITY POLICE DEPARTMENT.

      9.   Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the areas of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by The NEW YORK CITY POLICE DEPARTMENT and PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT.

      10.   Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT, is a unit of The NEW YORK CITY POLICE DEPARTMENT, which is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out storage functions for Defendant CITY OF NEW YORK and The NEW YORK CITY POLICE DEPARTMENT and assumes the risk incidental to the maintenance of property held in its custody on behalf of The NEW YORK CITY POLICE DEPARTMENT and the employment of Police Officers and maintenance of property seized by members of the NEW YORK CITY POLICE DEPARTMENT during the course of their duties and function as Police Officers of Defendant CITY OF NEW YORK.

## STATEMENT OF FACTS

11. On May 12, 2010 at approximately 5:30 p.m. two members of The NEW YORK CITY POLICE DEPARTMENT including named Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO, approached the Plaintiff as she was in the process of parking her automobile, a 2006 Toyota Tundra titled and registered in the Plaintiff's name under New York license plate number ESW-7342, in the vicinity of her home located in Bronx County in the City of New York. Upon information and belief, the Plaintiff purchased her vehicle in June 2009 for the price of $25,641.96, with monthly payments of $415.78, after obtaining financing from Wachovia Dealer Services, which subsequently merged with Wells Fargo Bank.  Upon information and belief, Defendant OFFICER GENCO ordered the Plaintiff to hand him the keys to the vehicle, then proceeded to tell the Plaintiff that "the vehicle is mine", while the other officer ordered the Plaintiff to hand him her drivers' license.  Neither Defendant OFFICER GENCO or the other officer, both of whom were in uniform, asked the Plaintiff to produce registration or insurance for the aforementioned vehicle, nor did Defendant OFFICER GENCO or the other Officer provide the Plaintiff with a warrant authorizing the search or seizure of the Plaintiff's vehicle.  Defendant GENCO then proceeded get in the Plaintiff's vehicle and drive it and Plaintiff's personal property contained therein, away from the Plaintiff's residence, upon information and belief, taking the Plaintiff's property to the 46th Precinct of the NEW YORK CITY POLICE DEPARTMENT.

12. Upon information and belief, sometime between May 12, 2010 and May 19, 2010,

Defendant OFFICER GENCO turned the Plaintiff's vehicle over to Defendant PROPERTY CLERK FOR THE NEW YORK CITY POLICE DEPARTMENT. Upon further information and belief, on or about May 19, 2010, without any notice to the Plaintiff, Defendant PROPERTY CLERK FOR THE NEW YORK CITY POLICE DEPARTMENT turned over the Plaintiff's vehicle and the contents therein to Wells Fargo Bank, which in turn sold the Plaintiff's vehicle at auction for $4,255.60. Upon further information and belief, Wells Fargo and its assignees have been pursuing the Plaintiff for the difference between the auction price and the purchase price for the Plaintiff's vehicle. Upon further information and belief, Defendant OFFICER GENCO and his partner were at the Plaintiff's residence pursuant to an investigation concerning an alleged narcotics ring which was alleged to have been operating from the Plaintiff's apartment building. Upon further information and belief, the Plaintiff's husband is employed as the Superintendent of the building, and is alleged to have been involved in the aforementioned narcotics operation, the prosecution of which is pending in New York State Court. Upon further information and belief, the Plaintiff was not arrested, charged or implicated by any member of THE NEW YORK CITY POLICE DEPARTMENT or the Office of Special Narcotics in connection with this alleged narcotics operation, nor has it ever been alleged that the Plaintiff's vehicle or its contents was used as an instrumentality of any alleged criminal activity on the part of her husband, or that the vehicle and its contents was purchased with the proceeds of illegal activity. Upon further information and belief, Defendant OFFICER GENCO, Defendant PROPERTY CLERK FOR THE NEW YORK CITY POLICE DEPARTMENT nor any other law enforcement agency of Defendant CITY OF NEW

YORK, or any other governmental entity or agency provided the Plaintiff with a warrant, voucher number or receipt for the Plaintiff's property after the seizure.  Upon further information and belief, neither Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARMENT or Defendant CITY OF NEW YORK gave notice to the Plaintiff or initiated any forfeiture proceedings against Plaintiff in connection with Plaintiff's vehicle or its contents.  As a result of the conduct and actions of the named Defendants the Plaintiff's credit rating has been damaged, and the Plaintiff has been required to expend legal expenses in defense of collection actions concerning her vehicle. The Plaintiff has also been forced to expend replacement costs for the vehicle and transportation, as a result of the actions of Defendants NEW YORK CITY POLICE OFFICER DUSTIN GENCO, THE PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Due Process violation.**

13.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twelve (12) as if fully set forth herein.

14.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully and unduly seizing and impounding Plaintiff's motor vehicle and its contents, without probable cause or lawful warrant.

15.  That the actions of Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and its NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of rights secured by Section 42 U. S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Due Process Violation

16. Plaintiff incorporates by reference the allegations set forth in paragraphs One through Fifteen (15) as if fully set forth herein.

17.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully and improperly retaining Plaintiff's property without probable cause or lawfully issued warrant and without affording Plaintiff a hearing concerning the retention and seizure of Plaintiff's vehicle and its contents.

18.     That the actions of Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK, The NEW YORK CITY POLICE DEPARTMENT and Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT resulting in the aforementioned and hereinafter mentioned harm to Plaintiff

## THIRD FEDERAL CLAIM

**Violation of the rights secured by section 42 U.S.C. 1983- Procedural Due Process, Fourth, Fifth and Fourteenth Amendments to the United States Constitution**

19. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Plaintiff's property was improperly released by Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT without notice to Plaintiff, to a party other than the Plaintiff, which resulted in the taking and subsequent loss of Plaintiff's personal property without affording Plaintiff due process and procedural process for the return of Plaintiff's motor vehicle and its contents.

21. As a consequence of Defendant PROPERTY CLERK FOR THE NEW YORK CITY POLICE DEPARTMENT'S actions, Plaintiff has suffered and continues to suffer great financial distress and harm, and fear of repetition of such unlawful conduct by Defendant OFFICER DUSTIN GENCO and other members of The NEW YORK CITY POLICE DEPARTMENT, Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

**FOURTH FEDERAL CLAIM**

**Violation of Rights Secured by 42 U.S.C. 1983- Procedural Due Process, Fifth Amendment to the United States Constitution**

22. Plaintiff incorporates by reference the allegations set forth in paragraphs One through Twenty One (21) as if fully set forth herein.

23. Plaintiff's property was falsely and improperly impounded by Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO, and as a result, was punished, receiving more punitive

treatment by Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK that was unwarranted and inappropriate.

24. As a consequence of Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO'S actions and conduct, the Plaintiff has continued to suffer great financial hardship and mental and emotional distress, and fear of repetition of such unlawful conduct by members of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIRST STATE LAW CLAIM

25. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant THE PROPERY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT resulted in the Plaintiff's denial of her property, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO resulted in the improper seizure of the Plaintiffs' property, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant CITY OF NEW YORK and Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer DUSTIN GENCO resulted in the improper and unlawful retention, conversion and loss of Plaintiffs' property, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

31. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That the actions of Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, humiliation and embarrassment, and incurrence of monetary damages including loss of Plaintiff's automobile and the contents therein.

## FIFTH STATE LAW CLAIM

33. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32 as if fully set forth herein.

34. That the actions of Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, and the incurrence of monetary damages including transportation and legal expense incurred by the loss of the use of Plaintiff's automobile and its contents.

## SIXTH STATE LAW CLAIM

35. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO resulted in the intentional retention and/or conversion of Plaintiff's property, resulting in the aforementioned harm to Plaintiff.

### SEVENTH STATE LAW CLAIM

37. Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT resulted in the wrongful retention, conversion and loss of Plaintiff's property, resulting in the aforementioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICER DUSTIN GENCO.

3. Punitive Damages against Defendant PROPERTY CLERK OF THE NEW YORK CITY POLICE DEPARTMENT.

4. A Court Order, pursuant to 42 U.S.C. 1988, that the Plaintiff is entitled to the costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 14, 2012

/s/
_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff Olga Matos
11 Park Place, Suite 600
New York, NY  10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com

| | |
|---|---|
| Filename: | Olga Matos 1983_Complaint(Amended) |
| Directory: | C:\Documents and Settings\Victor M. Brown\My Documents |
| Template: | C:\Documents and Settings\Victor M. Brown\Application Data\Microsoft\Templates\Normal.dot |
| Title: | UNITED STATES DISTRICT COURT |
| Subject: | |
| Author: | Victor Brown |
| Keywords: | |
| Comments: | |
| Creation Date: | 3/2/2012 11:39:00 AM |
| Change Number: | 8 |
| Last Saved On: | 3/14/2012 7:01:00 PM |
| Last Saved By: | Victor Brown |
| Total Editing Time: | 139 Minutes |
| Last Printed On: | 3/14/2012 7:01:00 PM |
| As of Last Complete Printing | |
| Number of Pages: | 12 |
| Number of Words: | 2,750 (approx.) |
| Number of Characters: | 14,662 (approx.) |